**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| _____ ) | |
| DANIEL HEILY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 05-0104 |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion to
Dismiss, or in the Alternative, for Summary Judgment.  Plaintiff
brought this action pursuant to the Freedom of Information Act
(FOIA), 5 U.S.C. § 552 (2000), to get information from Defendant
related to its hiring process for two job openings in late 2004
and early 2005. Plaintiff applied for these two positions, but
Defendant hired someone else for the jobs.

Plaintiff made his first FOIA request, concerning the job
opening announced to the public as HQ-2004-0204, in October 2004.
Defendant identified personnel responsible for hiring for that
vacancy and searched their paper files.  On November 19, 2004,
Defendant released 66 pages of documents to Plaintiff to satisfy
his first FOIA request.  However, Defendant did not give him

material that it felt met exemptions under the FOIA.

Defendant revisited the first FOIA request in March, 2005 by conducting a more thorough search of the selected employees' records, searching the electronic as well as the paper files and expanding the search terms.  Based on the results of the second search, Defendant released an additional 84 pages of documents to Plaintiff to satisfy his first FOIA request.  Defendant did not give him material that it felt met the exemptions under the FOIA.

Plaintiff submitted a second FOIA request, concerning the job opening announced to the public as HQ-2005-0068, in January 2005.  On January 23, 2005, Plaintiff agreed to defer his second FOIA request until Defendant actually hired someone for that job. After Defendant hired someone in March 2005 it conducted a search of the appropriate employees' material.  Based on that search, Defendant released 77 pages of documents to Plaintiff to satisfy his second FOIA request.  Once again, Defendant did not give him material that it felt met exemptions under the FOIA.

Defendant redacted and disclosed as many documents as it felt the FOIA permitted.  Defendant prepared a <u>Vaughn</u> index cataloging the documents it identified as being responsive to Plaintiff's FOIA requests but exempted under the FOIA.  Defendant listed the applicable FOIA exemptions in the <u>Vaughn</u> index for all non-disclosed, relevant documents.

In a complaint, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court should grant a motion to dismiss pursuant Rule 12(b)(6) only if a plaintiff could never succeed on its claims even if the alleged facts were true. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In deciding a Rule 12(b)(6) motion, a court must view the complaint in a light most favorable to the plaintiff, accepting all well-plead allegations as true. Id. Courts should liberally construe pro se pleadings when determining if they satisfy the requirements of Rule 8. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In Plaintiff's Bill of Complaint Revision 1 filed with the Court on April 22, 2005, he set forth the facts surrounding the two FOIA requests he submitted to Defendant. He alleged that Defendant had not given him the proper material he was entitled to receive by law under the FOIA. When taken in a light most favorable to Plaintiff and construed liberally because he is a pro se party, his Complaint sets forth a sufficient claim pursuant to Rule 8. Thus, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied.

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is

entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A court must draw all inferences in favor of the nonmoving party.  Wickwire Gavin, P.C. v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004).  FOIA disputes are generally decided through summary judgment.  Id.

Congress enacted the FOIA to promote openness in the government and to ensure an informed citizenry, so courts should narrowly construe the FOIA, giving preference to disclosure.  Id.  However, Congress also included nine exemptions to the FOIA to protect against harm to governmental and private interests in certain cases.  Id. at 592.  The government bears the burden of showing that an exemption to the FOIA exists when it does not disclose material, and it can meet that burden by "describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions."  Hanson v. U.S. Agency for Int'l Dev., 372 F.3d 286, 290 (4th Cir. 2004).  A court reviews the government's decision to withhold information pursuant to a FOIA exemption de novo.  Wickwire Gavin, P.C. v. Def. Intelligence Agency, 330 F.Supp 2d 592, 596 (E.D. Va. 2004).

First, Defendant must show that it made an adequate search of appropriate records.  The government need not show that it actually searched every possible record, but merely that it made a search reasonably calculated to discover all applicable

4

documents.  <u>Ethyl Corp. v. U.S. Envtl. Prot. Agency</u>, 23 F.3d 1241, 1246 (4th Cir. 1994).  Defendant filed the Declaration of Nancy Baumgartner as evidence of the search it conducted to satisfy the FOIA requests.  This filing shows that Defendant identified all employees involved with the hiring process for the two job openings.  It details the documents that were searched and the search terms used.  Based on this Declaration, the Court finds that Defendant conducted an adequate search of appropriate records regarding both FOIA requests.

Next, Defendant must justify any withheld material using a specific exemption from the FOIA with such specificity as to permit the Court to determine if those documents should be exempt.  <u>Id.</u> at 1249-50.  Defendant created a <u>Vaughn</u> index that details each document withheld from Plaintiff by general description and cites a specific reason for exempting the document under 5 U.S.C. § 552(b).  Defendant claimed three exemptions for its withheld material: § 552(b)(2), (5), and (6) (Exception 2, 5, and 6).

First, Defendant identified twenty-one documents redacted or withheld pursuant to Exception 6 that precludes disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  According to the <u>Vaughn</u> index,

5

some of these documents dealt with the identity of unsuccessful candidates.  Usually, this type of information should not be disclosed because the strong privacy interest of the unsuccessful candidates outweighs the public's interest in government transparency.  Core v. U.S. Postal Serv., 730 F.2d 946, 948-49 (4th Cir. 1984).  Based on this Vaughn index description, the Court finds that Defendant properly redacted or withheld documents dealing with the identities of unsuccessful candidates under Exception 6.

The rest of the documents redacted or withheld under Exception 6 dealt with personal information about the candidates such as their home telephone numbers, home addresses, personal email addresses, or social security numbers.  The need for privacy of public employees' personal information such as this outweighs the need for the public's knowledge of how government operates because, "no effective restraints could be placed on the range of uses to which the information, once revealed, might be put."  Am. Fed'n of Gov't Employees, Local 1923 v. U.S. Dep't of Health & Human Servs., 712 F.2d 931, 932 (4th Cir. 1983).  This is especially true when the information sought has no relation to the underlying purpose of the FOIA, government transparency.  Id. at 933.  Thus, based on this Vaughn index description, the Court finds that Defendant properly redacted or withheld documents

6

dealing with personal information about the candidates under
Exception 6.

Next, Defendant identified ten documents redacted or
withheld pursuant to Exception 2 that precludes disclosure of
material "related solely to the internal personnel rules and
practices of an agency."  5 U.S.C. § 552(b)(2).  According to the
Vaughn index, these documents dealt with the scores given for the
applicants' answers to questionnaires and the interview questions
posed to the applicants.  The way an agency conducts its hiring
relates to internal rules and practice and releasing the plans of
a hiring program can lead to risk of an applicant attempting to
cheat the system.  Nat'l Treasury Employees Union v. U.S. Customs
Serv., 802 F.2d 525, 528-30 (D.C. Cir. 1986).

If questionnaire answer scores and interview questions were
released to the public, the documents would become worthless to
the agency, creating a substantial interference with the
effective operation of government.  Id. at 530-31.  Thus, based
on this Vaughn index description, the Court finds that Defendant
properly redacted or withheld documents dealing with interview
questions and questionnaire answer scores under Exception 2.

Finally, Defendant identified five documents redacted or
withheld pursuant to Exception 5 that precludes disclosure of
"inter-agency or intra-agency memorandums or letters which would

not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  According to the Vaughn index, these documents dealt with the handwritten notes recording the mental impressions of hiring personnel made prior to the actual selection of the new employees.  Exemption 5 prevents disclosure of documents that normally would not be discoverable in a civil case.  United States v. Weber Aircraft Corp., 465 U.S. 792, 798-800 (1984).

While factual matters in intra-agency documents must be disclosed, an agency may properly redact opinions and predecisional discussions to protect the free-flow of ideas during the deliberative process and prevent public confusion between the initial deliberations and the final outcome.  City of Virginia Beach v. U.S. Dep't of Commerce, 995 F.2d 1247, 1252-53 (4th Cir. 1993).  Thus, based on this Vaughn index description, the Court finds that Defendant properly redacted or withheld documents dealing with the handwritten notes recording the mental impressions of hiring personnel under Exception 5.

To overcome a motion for summary judgment, the non-moving party must present at least a scintilla of evidence to show the possibility of a question of fact for a jury.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Plaintiff did not offer any compelling rebuttal to Defendant's Motion for Summary

Judgment and its accompanying documentation.  Thus, Defendant's
Motion for Summary Judgment should be granted because there is no
genuine issue of material fact.

An appropriate order shall issue.

/s/
_____
CLAUDE M. HILTON

UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 11, 2005